IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

REINALDO ARROYO ORTIZ,

    Petitioner,

      v.

JAIME LOPEZ AND CORRECTIONS
ADMINISTRATION OF THE
COMMONWEALTH OF PUERTO RICO,

    Respondent.

Civil No. 03-1503 (SEC)

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

Petitioner Reinaldo Arroyo-Ortiz filed a motion for post-conviction relief pursuant to 28 U.S.C. §2254, which was subject of this Magistrate Judge's report and recommendation on August 3, 2004, recommending the petition be dismissed (Docket No. 26).

On March 30, 2005, the Court issued an Opinion and Order adopting in part the report and recommendation and referred the case for an evidentiary hearing limited to the issue of what advice defense counsel provided in regard to a possible plea offer prior to this state petitioner going to trial on first degree murder charges (Docket No. 35). Petitioner's claim of a Sixth Amendment violation for ineffective assistance of counsel was predicated on counsel's failure to communicate a verbal plea offer which might have entailed a sentence of thirty (30) years of imprisonment for second degree murder. Instead, petitioner went to trial and, upon conviction by a trial judge, was sentenced to ninety nine (99) years for the first degree murder

charged. Petitioner is serving a total of one hundred and four (104) years including the first degree murder of his wife, the attempted murder of one of his children, and violations to the Puerto Rico Weapons' Law.

On June 9, 2005, an evidentiary hearing was held before this Magistrate Judge as instructed by the Court.

## EVIDENTIARY HEARING

Petitioner testified at the evidentiary hearing assisted by designated counsel María Teresa Arsuaga from the Federal Public Defender's Office. Respondent presented the testimony of Attorney Nelson Gómez Curet, presently Director of the Puerto Rico Legal Aid Society in Mayaguez, who was formerly petitioner's court appointed counsel in his state trial. In addition, Attorney Bruce McCandless, the state prosecutor in charge of the trial against herein petitioner, also testified on respondent's behalf.

Petitioner testified counsel Gómez Curet did not inform him of an offer for a guilty plea. Petitioner indicated he saw counsel Gómez Curet on few occasions prior to his trial and was never visited by him at the penal institution. Counsel Gómez Curet informed petitioner at trial that thirty (30) years were offered but the offense had to be changed to homicide for any sentencing time to be less. Petitioner also testified it was not until the last day of trial counsel told him about being offered thirty (30) years. Before that time, petitioner had not heard anything about a thirty (30) years plea offer and he was never informed nor provided orientation thereof. Petitioner testified he would not have gone to trial on first degree murder

had he known about the thirty (30) years offer. Petitioner further testified he was provided with a document to sign a waiver of jury trial and although he signed same, he never read it.

Respondent's counsel impeached petitioner's testimony by showing him the written motion and the resolution of the court as to the hearing held on December 27, 2000, on his Rule 192.1 petition before the First Instance Court, Mayaguez Part. The transcript of said hearing indicated petitioner stated it had been his counsel not the state prosecutor who had offered him a thirty (30) years plea, thus rebutting his claim in this federal post-conviction relief he was never informed about the possibility of receiving thirty (30) years of imprisonment under a plea.

Respondent's counsel also impeached petitioner's prior allegations on direct examination that he was provided with a waiver for trial by jury which he never read. Respondent's counsel refreshed petitioner's recollection with the minutes of proceedings showing that, prior to a bench trial, petitioner was questioned and personally addressed by the Court as to the voluntariness of his decision to waive a jury trial. Then, respondent's counsel made reference to the minutes of October 29, 1997, where petitioner appeared before the state court to waive his right to jury trial and proceed before a judge **(Exhibit A)**. In addition, the first paragraph of a pretrial conference where petitioner appeared represented by his counsel, Atty. Gomez Curet, also showed there was no plea agreement with the prosecution and his client was willing to waive trial by jury. Petitioner, through his attorney, then waived trial by jury after having been personally examined by the court.

Petitioner admitted the document which was being shown to him to refresh his recollection of events, dated October 29, 1997, contained his signature on the waiver form, as well as under the oath stating having read the document and signing same before the Court's deputy clerk. **Exhibit A**.[1]

Petitioner affirmed that, if he had been informed of the plea offer of thirty (30) years, he would have received a lighter sentence than the one imposed after a bench trial conviction on first degree murder, which is the basis for his lack of satisfaction with counsel's services.

Counsel Nelson Gómez Curet testified he has been the Director of the Legal Aid Society in the area of Mayaguez for the last six (6) years, and its Sub-director for the prior three (3) years. He has undertaken thousands of criminal cases and attended hundreds of trials on the merits. He knows petitioner prior to the state trial at issue, back in 1980, when his office was engaged to defend him in another case. Attorney Gómez Curet indicated that at no time petitioner stated to him not being comfortable with the way his case was being handled. Petitioner was provided with all the legal defenses available, benefitted from services of a psychiatrist retained as an expert witness for trial in relation to his mental capacity defense, and participated and was present at several pretrial conferences. After petitioner's conviction, counsel Gómez Curet prepared and filed the appeal but was thereafter relieved from further representation.

---

[1] The translation to the English language was submitted by respondent on June 30, 2005 (Docket No. 40).

Attorney Gómez Curet testified petitioner at the time did not accept any offer by the state prosecutor because his only interest was of going back to his children and receiving no jail term. When petitioner was informed by counsel Gómez Curet about the possibility of thirty (30) years of imprisonment, he initially accepted it but afterwards rejected same because it was considered too long. Petitioner was advised that, even under a finding of mental incompetency, which was considered as his only available defense, he would still not be reunited with his children because of a possible finding of civil dangerousness and possible commitment. This situation was explained to petitioner and to some of his relatives, particularly two (2) of his sisters who sporadically appeared during trial. Attorney Gómez Curet considered having a direct and good communication with petitioner because they were already acquainted, at times even providing him with transportation from the town of Yauco to Mayaguez when petitioner was studying to become a barber.

Attorney Gómez Curet recalled that a document was prepared in this case, as it is the usual practice in the Legal Aid Office, seeking the signature of a defendant, when a proposed plea offer is rejected. However, such document is not available at the present time because the offices of the Legal Aid Society moved near the Mayaguez Court facilities and many files and documents were disposed, more so since petitioner's case was considered concluded on appeal and at all state levels. Counsel Gómez Curet was not aware petitioner could still bring a petition for post-conviction relief in federal court.

During cross-examination by Attorney Arsuaga, counsel Gómez Curet indicated state defendants are not usually visited at the penal institution because of the high volume of cases assigned to the Legal Aid Society but whenever necessary state courts would order they be brought to courthouse for legal interviews with counsel. Although Attorney Gómez Curet indicated he had no knowledge of petitioner's federal claim except one or two weeks prior to the scheduled hearing before this Magistrate Judge, he recalls being visited about a year ago by Atty. Arsuaga and an investigator.

Attorney Bruce McCandless testified he is a state prosecutor in the area of Mayaguez since 1991. It is the usual practice to consult with the injured party whenever a plea is offered and recalls in petitioner's case the family did not want a plea to be offered. However, plea offers ensued in this case before trial because of the nature of the case and that minor children would need to testify about their mother's murder and against their own father. After petitioner's arrest, he attempted to obtain instead of first degree murder, charges of manslaughter and/or homicide because he wanted to qualify for parole. This was not acceptable to the prosecution based on the facts of the case, the use of a firearm, and the prosecution's concern of preventing him from having further access to the children.

State prosecutor McCandless does not recall a written plea offer in this case, after the elapse of almost eight (8) years. Nevertheless, the state record would show the trial court would not be informed of a plea agreement unless it is fulfilled. He considers defense counsel, Attorney Gómez Curet, an effective attorney, who is a good litigator and who presented good

defenses of petitioner's behalf by even retaining an expert in petitioner's case. In addition, if defense counsel waived the preliminary hearing at the time, Prosecutor McCandless considers petitioner's counsel must have attempted to obtain a benefit for petitioner. Prosecutor McCandless believes petitioner would not have received any benefit or consideration if the children would have been forced to testify at the preliminary hearing.

Attorney McCandless does recall if Attorney Gómez Curet was informing petitioner of all the events since he was going back and forth between the prosecutor and petitioner while the conversations ensued. He also testified all legal aid attorneys get the signature of their clients whenever a plea offer is rejected.

During closing arguments, petitioner submitted he did not know of the plea offer and that is the reason why he went to trial. Moreover, petitioner averred that the important document, wherein petitioner allegedly rejected the plea offer, is missing.

In turn, respondent submitted the aforesaid verges on credibility determinations by this Magistrate Judge; petitioner was unable to rebut the presumption he received competent legal assistance of counsel; and failed to establish his allegation he was unaware of any plea offer.

## LEGAL DISCUSSION

The issues referred to this Magistrate Judge by the Court evolve on whether there would be a need for an evidentiary hearing upon petitioner's claim that he had developed a factual basis for a claim of ineffective assistance of counsel as enunciated in Tse v. United States, 290

F.3d 462, 463, 466 (1st Cir.2002) (attorney allegedly erroneously advised that government could not prosecute certain charges; remanded for limited evidentiary hearing).

In the present case, ineffectiveness was predicated on counsel's alleged failure to proceed with a bench trial without first advising petitioner a verbal plea offer from the prosecutor for murder in the second degree, which might have entailed a thirty (30) years sentence instead of the conviction now endured for first degree murder.

The Court's Opinion and Order of March 30, 2005, also makes reference to whether the state court considered in the Rule 192.1 motion whether defendant was not properly represented by counsel since some paragraphs were missing from the documents submitted, as well as from the English translation.

### A. Ineffective Assistance of Counsel.

To make the necessary showing of ineffective assistance of counsel petitioner must overcome a strong presumption his counsel rendered adequate assistance and that the legal representation received fell outside the wide range of professionally competent assistance. As such, the touchstone for any ineffective assistance of counsel claim is the two-part test laid down by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984).

First, petitioner must show counsel's performance was deficient. This requires showing counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, petitioner must show the deficient performance prejudiced the defense. This requires showing counsel's errors were so serious as to deprive the

defendant of a fair trial, a trial whose result is reliable. *Id*. at 687, 104 S.Ct. 2052. In other words, petitioner "must show that counsel's performance was so deficient that it prejudiced his defense." United States v. Ademaj, 170 F.3d 58, 64 (1st Cir.1999) (summarizing Strickland).

As the Strickland Court explained, "[u]nless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. *See* United States v. Colón-Torres, 382 F.3d 76 (1st Cir. 2004).

Judicial scrutiny of counsel's conduct is highly deferential. *Id*. at 689. "[The] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'." *Id*. (*quoting* Michel v. Louisiana, 350 U.S. 91, 76 S.Ct. 158 (1955)). The adequacy of counsel's performance is evaluated from the attorney's perspective at the time of the challenged conduct and in light of all the circumstances then existing. *Id*. at 689-90.

The evidence presented before this Magistrate Judge, even if seen in the light most beneficial to petitioner that there could have been a plea offer and he was unaware of same, shows any discussion was neither specific nor definite enough to constitute any formal plea offer by the state prosecution which would entitle petitioner to specific performance. The fact petitioner waited almost eight (8) years after trial, before complaining about an unfulfilled wish

Arroyo Ortiz v. Administrator of Corrections
Civil No. 03-1503 (SEC)
Report & Recommendation
Page No. 10

to plead guilty, seriously questions the validity of such a claim and militates against the alleged ineffective assistance of counsel.

Notwithstanding, all the evidence needs to be assessed in the light of credibility determinations by this Magistrate Judge. On one hand, there is petitioner's assertion he was never informed of a plea offer of thirty (30) years or of his waiver to trial by jury which was duly impeached.

On the other hand, there is evidence insofar as defense counsel's testimony he informed his client of the verbal offer and it was rejected, because all petitioner wanted at the time was to be entitled to parole and to go back to his children; that he prepared a document, which is unavailable at this time, that would show above but that it is clear in his recollection that it was prepared; and that he had good communication with his client and knew him well before the state first degree murder conviction.

The above is furthered by the state prosecutor's testimony no written plea offer was tendered to petitioner for which reason the trial court was informed of no plea agreement in the case; petitioner's sole interest was obtaining entitlement to parole and being back with his children under manslaughter or homicide charges, which were not acceptable under the facts of the case nor the state's concern for the safety of the children; his observations defense counsel communicated back and forth with his client as to conversations held with the prosecution at the time; and defense counsel presented a good defense and was a good litigator in this case.

The balance of the evidence results in petitioner's claim of ineffectiveness still being less credible under the circumstances presented at the evidentiary hearing than when initially examined and found in the previous report and recommendation wherein the allegations of ineffective assistance of counsel were dismissed for being grounded on bare subjective allegations of petitioner.

This Magistrate Judge notices the best evidence would have been to preserve and be able to submit the unavailable document showing petitioner rejected the plea offer. Nonetheless, we are aware legal proceedings are not perfect specimens immutable by the lapse of time. Petitioner, on the other hand, did not impeach respondent's submission of evidence nor presented the testimonies of any other witnesses, such as petitioner's sister, or their availability to support the claim he was never informed of a verbal plea offer and his disposition to accept such plea instead of undergoing to a bench trial which resulted in his conviction for first degree murder.

Furthermore, this Magistrate Judge was of the opinion petitioner herein was not entitled to an evidentiary hearing on a mere claim that counsel was deficient for failing to communicate plea bargain. David v. United States, 134 F.3d 470, 478 (1st Cir. 1998); United States v. Rodríguez Rodríguez, 929 F.2d 747, 752 (1st Cir.1991) (*per curiam*) (for petitioner to secure an evidentiary hearing on such a claim, he must tender more than conclusory allegations and provided adequate factual specifications beyond bald speculation).

Having received the evidence under oath and documents submitted, the conclusion of the report and recommendation issued on August 3, 2004, still prevails. Accordingly, the §2254 is considered to lack merit for which it is recommended that it be dismissed.

**B. Missing paragraphs Rule 192.1 motion.**

Respondent complied with the Court's order to submit the translation to the English language of documents previously submitted to this Court, which were lacking some paragraphs (Docket No. 40).

A review of petitioner's entire motion before the First Instance Court under Rule 192.1 of the Rules of Criminal Procedure for the Commonwealth of Puerto Rico shows he submitted a general allegation of ineffective assistance of counsel. Petitioner's claim as to the plea offer is also mentioned in said motion but is totally in contradiction with his testimony at the evidentiary hearing before this Magistrate Judge where he stated under oath never having been informed by counsel of a plea offer.[2] Rather, petitioner therein claimed the sentence imposed was unreasonable since it was not the agreement offered by counsel in the plea negotiations. As such, the Rule 192.1 motion further sustains the lack of credibility of petitioner's testimony and our prior recommendation the § 2254 be dismissed.

---

[2] Untranslated portions of the *certiorari* filed on March 2002 making reference to counsel's failure to inform of a plea agreement cannot be considered since documents not submitted in the English language are inadmissible. The law is pellucidly clear that federal litigation in Puerto Rico to be conducted in English. 48 U.S.C.A. § 864. In collecting a record for summary judgment, a Puerto Rico district court must sift out non-English materials and parties should submit only English-language materials. Fed.Rules Civ.Proc.Rule 56, 48 U.S.C.A. § 864; Estades-Negroni v. Associates Corp. of North America, 359 F.3d 1 (1st Cir. 2004); González-De-Blasini v. Family Dept., 377 F.3d 81 (1st Cir. 2004). Regardless, even if considered, this statement is but an additional contradiction that roots on credibility determinations.

# CONCLUSION

In view of the above, it is recommended petitioner's §2254 petition BE DISMISSED.

IT IS SO RECOMMENDED.

The parties are ordered to file any objections to this report and recommendation within ten (10) days. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the Magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 5th day of July of 2005.

                               s/**CAMILLE L. VELEZ-RIVE**
                               **CAMILLE L. VELEZ-RIVE**
                               **UNITED STATES MAGISTRATE JUDGE**